IN THE COURT OF APPEALS OF TENNESSEE

FILED

August 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, DHS, | ) | C/A NO. 03A01-9701-JV-00036 |
| AND/ASSIGNEE OF: | ) | |
| WILLIAM RALPH SANDERS and | ) | |
| DORIS SANDERS MASTIN, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | ANDERSON COUNTY JUVENILE COURT |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| JAMES BRADY SPRINGS, | ) | |
| | ) | HONORABLE PATRICIA R. HESS, |
| Respondent-Appellant. | ) | JUDGE |


For Appellant

BILLY H. LEFFEW
Rockwood, Tennessee

For Appellee

JOHN KNOX WALKUP,
Attorney General and Reporter
Nashville, Tennessee

KIMBERLY M. FRAYN
Assistant Attorney General
Nashville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                                    Susano, J.

1

This is a paternity case.  When the respondent, James Brady Springs (Father), demanded a jury trial, this matter was transferred to the Anderson County Circuit Court.  After DNA testing indicated a very high probability that he was the father of William Ralph Sanders, Springs acknowledged his paternity of the child.  On remand to the Anderson County Juvenile Court, that court set Father's past[1] support obligation at $88,026 and decreed that this amount be paid to the petitioner, Doris Sanders Mastin (Mother), at the rate of $578 per month.  Father appealed, raising three issues:

> 1.  Did the trial court err in utilizing the Child Support Guidelines (Guidelines) in effect at the time of the hearing to compute Father's obligation for the support of the child for the period from the date of the child's birth in 1977 to the date of his graduation from high school on or about June 1, 1996?
>
> 2.  Did the trial court err in preventing respondent from presenting evidence of (a) Ms. Mastin's expenditures for the support of the parties' child from 1977 to 1996; (b) Ms. Mastin's income for the same period; and (c) the amount of support she received for two other children following her divorce, when the father of those children was earning pay comparable to the respondent?
>
> 3.  Did the trial court err in refusing to allow the respondent a credit against his past child support for the cost of a motor bike he purchased for the parties' child?

We affirm.

---

[1]While this matter was pending below, the subject child reached his majority and graduated from high school.  As a result, Father's obligation to provide prospective child support was extinguished, and hence no award for future support was set.  *See* T.C.A. § 34-11-102(b).

I

William Ralph Sanders was born to Mother on September 27, 1977. Mother filed a petition on March 30, 1995, seeking to establish that respondent James Brady Springs was the father of her child. Father did not support the child, directly or indirectly, prior to the filing of the petition. The record is also clear that there was no relationship between Father and his son prior to this action being filed.

On March 11, 1996, after the child reached his majority but before he graduated from high school, Father borrowed $3,300 and purchased him a motor bike. Father testified that he did this because the child needed transportation, having wrecked his automobile. At the time of the hearing on July 25, 1996, the child had sold the motor bike. He apparently retained the proceeds; father testified at the hearing that he was still paying off the loan.

Richard Hill, a paralegal with the Anderson County Child Support Division, was called as a witness for the petitioner. Through him, an exhibit was presented to the court detailing the child support due for each year, beginning with the child's birth on September 27, 1977, and ending with his graduation from high school on or about June 1, 1996. Mr. Hill testified that he computed the child support based upon Father's gross monthly income during the years 1977 – 1995 as set forth in his answers to interrogatories. He stated that he utilized the table dated July 8, 1994, developed by the Tennessee Department

3

of Human Services, which reflects numeric child support due for one or more minor children at various levels of an obligor's gross income. According to his computations, the amount due, pursuant to the Guidelines, was $90,558. In awarding past child support of $88,026, the trial court gave Father a credit for court-ordered support payments made by him for a child born of his marriage to another woman.

II

The legal principles applicable to this child support/paternity case were recently discussed by this court in the unreported case of **Shell v. Law**, C/A No. 03A01-9608-CV-00251 (Court of Appeals at Knoxville, March 18, 1997), application for permission to appeal pending:

> Paternity proceedings are addressed in Chapter 2 of Title 36 of the Code.[2] T.C.A. § 36-2-102 provides that "[t]he father of a child born out of wedlock is liable for . . . [t]he necessary support and education of the child; . . ." T.C.A. § 36-2-108 states, among other things, that if the defendant is found to be the father of the child, the court "shall also provide ... for the support of the child prior to the making of the order of paternity and support."
>
> A trial court's authority in setting back child support is addressed in the leading Supreme Court case of **State ex rel. Coleman v. Clay**, 805 S.W.2d 752 (Tenn. 1991), wherein Justice Daughtrey, speaking for the court, opined as follows:
>
>> . . . the father's responsibility for support of a child of his born out of wedlock arises at the date of the child's birth. Because the

---

[2]T.C.A. § 36-2-101, *et seq.*

4

> statute also permits the [trial
> court] to make a retroactive award
> for expenses incurred in the
> support of the child prior to the
> entry of the paternity decree, such
> an award can be made back to the
> date of the child's birth, under
> appropriate circumstances.
> Obviously, the [trial court] has
> broad discretion to determine the
> amount of such a retroactive award,
> as well as the manner in which it
> is to be paid.

*Id*. at 755.

In setting prospective child support in paternity cases, a trial court is bound to follow the mandates of T.C.A. § 36-5-101(e), and the Child Support Guidelines (Guidelines) promulgated by the Department of Human Services and adopted by the General Assembly. *See* T.C.A. § 36-2-108(d). *See also* Tenn.Comp.R. & Regs., ch. 1240-2-4-.02(3). ("These guidelines shall be applicable in any action brought to establish or modify child support, whether temporary or permanent.") *Cf.* ***Barabas v. Rogers***, 868 S.W.2d 283, 288 n.5 (Tenn. App. 1993). The Guidelines have the force of law. ***Nash v. Mulle***, 846 S.W.2d 803, 804 (Tenn. 1993) ("Hence, the purposes, premises, guidelines for compliance, and criteria for deviation from the guidelines carry what amounts to a legislative mandate.")

In the unreported case of ***Kirchner v. Pritchett***, C/A No. 01A01-9503-JV-00092, 1995 WL 714279 (Court of Appeals at Nashville, December 6, 1995), perm. app. not requested, a panel of the Middle Section of this court differentiated between the setting of *prospective* child support and *back* child support in paternity cases:

> Child support decisions in
> paternity cases are controlled by
> the same principles governing
> similar decisions in divorce cases.
> Tenn. Code Ann. § 36-2-108(d)
> (Supp. 1995). Since child support
> decisions in divorce cases must be
> made in accordance with the child
> support guidelines, Tenn. Code Ann.
> § 36-5-101(e)(1) (Supp. 1995),
> decisions involving prospective

5

child support in paternity cases must also be consistent with the guidelines (citations omitted).

* * *

Unlike awards for prospective child support, awards for expenses arising between the child's birth and the filing of a paternity petition are discretionary decisions based on the facts of the particular case (citations omitted).

*Id*. 1995 WL 714279 at *4-5. We agree with our brethren in the Middle Section. The "broad discretion" recognized by the Supreme Court in ***State ex rel. Coleman***, 805 S.W.2d at 755, is inconsistent with a requirement that the Guidelines be strictly adhered to in computing *back* child support in paternity cases. This is not to say that a trial court, in the exercise of its broad but sound discretion, could not award child support back to the date of the child's birth in an amount calculated in strict adherence to the formula set forth in Tenn.Comp.R. & Regs., ch. 1240-2-4-.03. Clearly, it could in an appropriate case; but it is also just as clear that a trial court's broad discretion permits it to award back child support in an amount other than the amount calculated in strict compliance with the Guidelines. As the Supreme Court said in ***State ex rel. Coleman***:

. . . the statute gives the juvenile court the discretion to order a retroactive support award back to . . . [the] date [of the child's birth], the amount and method of payment to be determined by the [trial judge] in light of the circumstances of the case and consistent with the standards which normally govern the issuance of child support orders. (citation omitted).

*Id*. 805 S.W.2d at 755.

***Shell v. Law***, at *4-7. (Emphasis in original).

In his first issue, Father contends that the trial court erred in using Withholding, Social Security, and Medicare tax deductions based upon the 1994 Internal Revenue Service, Circular E, Employers' Tax Guide.[3]  He argues that the court, in computing child support for any given year, should have used the Circular E in effect for that year.  For example, he contends that the computation of net income for 1977 should have been based upon the deductions authorized in the 1977 Circular E.

There was no *evidence* introduced below that past child support for the years 1977 - 1996 would have been less if Father's net income, as defined in the Guidelines, had been calculated using the Circular E's in effect during the various years in question.  *As a part of his argument*, counsel for Father presented to the court seven pieces of yellow paper with *his* handwritten computations, which he stated were based upon the Circular E's in effect during the years 1977 through 1996.  He also introduced the Circular E's for each of the years in question.  The trial judge marked all of this as an exhibit, but very clearly stated that she was receiving it as a part of Father's *argument*, and not as *evidence*.  In refusing to accept this material (particularly counsel's seven pieces of yellow pages with his handwritten computations) as evidence, the court sustained Mother's objection that these computations were not presented under oath and that she was not afforded an opportunity

---

[3]The July 8, 1994, table prepared by the Tennessee Department of Human Services, which was utilized in this case, is based upon the 1994 Internal Revenue Service Circular E.

to test their validity through cross-examination.

We agree with Mother and the trial court that Father's computations were not presented as evidence in this case. The Rules of Evidence clearly set forth the procedure to be followed if a summary is to be offered into evidence. *See* Rule 1006, Tenn.R.Evid. No attempt was made to satisfy this rule. Therefore, since there was no evidence supporting Father's contention as set forth in his first issue, we do not find it necessary to address the substance of that argument. Accordingly, we find that Father's first issue is without merit.

Father's second issue involves three parts. We will address each part separately.

Father first argues that he was prevented from offering evidence of Mother's expenditures for the support of the parties' child during the period from September 27, 1977, to June 1, 1996. We do not agree with Father's characterization of what took place below.

During her cross-examination, Mother was asked the following question:

> You say that you are expecting reimbursement,
> but do you have any receipts here to show
> what you have paid in regard to supporting
> this child?

Counsel for Mother objected on the ground of relevancy. The trial court sustained the objection, but for another reason:

8

> THE COURT: I'm not going to spend my time
> here.  If you wanted that, that should have
> been a matter for Interrogatories, if that
> was to be an issue.  As we sit here today,
> it's using this courtroom for discovery and
> that's not appropriate.  The statutes do say
> that the Guidelines are to be used.

No further effort was made to present evidence of Mother's expenditures for the support of the parties' child during the period in question.  No offer of proof was made.  *See* Rule 103, Tenn.R.Evid.  *See also* **State v. Goad**, 707 S.W.2d 846, 852-53 (Tenn. 1986).

Even if the trial court erred in sustaining Mother's objection to this one question, we cannot conclude from this that Father was prevented from offering evidence of Mother's support, as argued in Father's second issue.  Furthermore, we cannot evaluate whether such evidence, if available and presented to the trial court, would have mandated a different result in this case. This is because we cannot weigh evidence that is not before us. Even if the trial court committed error in refusing to permit Mother to answer this one question, we cannot say that this error "more probably than not affected the judgment or would result in prejudice to the judicial process."  *See* Rule 36(b), T.R.A.P.

In the second aspect of his second issue, Father contends that the trial court refused to let him introduce proof of Mother's income for the period 1977-1996.  Father does not indicate in his brief where in the record he attempted to introduce this proof.  *See* Rule 27(a)(6), T.R.A.P.  We have searched the record and cannot find any point in the transcript

9

where Father attempted to get this proof into evidence.  In the absence of such a tender, we do not find it necessary to reach the substance of Father's argument on this point.

As the last element of Father's second issue, he complains that the trial court refused to admit into evidence proof that for some portion of the relevant time period, Mother was receiving $40 per week from her former husband for the support of two other children.  Testimony on this matter was put in the record as excluded evidence.

The trial court was correct in excluding this evidence. What Mother received from another man as support for two other children is not relevant on the issue of what Father should pay as back child support.  This is because the evidence in question does not "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Rule 401, Tenn.R.Evid.  The issue before the court was how much Father should pay for past child support.  What another man paid to Mother as child support simply was not relevant to what Father should pay.

We have considered all aspects of Father's second issue.  We are not persuaded that there is any basis in Father's arguments to disturb the judgment below.

In Father's third and final argument, he contends that he was due a credit against his back child support for the $3,300

10

he expended in purchasing his son a motor bike.  The trial court found that the motor bike was a gift to the parties' child and that Father was not entitled to a credit.  We agree.  There was no proof that the motor bike represented a necessity that was not being furnished by Mother.  This is the test for the allowance of a credit against child support where the payment or expenditure is not made pursuant to a court order.  *See **Oliver v. Oczkowicz***, C/A No. 89-396-II, 1990 WL 64534 (Court of Appeals at Nashville, May 18, 1990).

We do not find that the evidence preponderates against the trial court's judgment.  *See* Rule 13(d), T.R.A.P.  It results that we find no abuse of the trial court's discretion in setting back child support.

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellant and his surety.  This case is remanded to the trial court for the enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

11