IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2003

## CHRIS HICKMAN v. MISTY WILLIS

**Appeal from the Juvenile Court for Hickman County**
**No. 02-1441J,     Samuel H. Smith, Judge**

_____

**No. M2003-00574-COA-R3-JV - Filed August 27, 2003**

_____

Mother appeals the trial court action of requiring non-custodial obligor father to pay only one-half of the premium for medical insurance covering their minor child and further appeals the amount of support arrearage. As the child support guidelines are mandatory in requiring that non-custodial obligor parent is responsible for the full premium of medical insurance, the action of the trial court is modified accordingly and in all other respects affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Modified and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Neal Lovlace, Centerville, Tennessee, for the appellant, Misty Willis.

Chris Hickman, Duck River, Tennessee, Pro Se.

**OPINION**

Chris Hickman and Misty Willis are parents of a minor child now nine years of age. Apparently Hickman had been previously ordered by the Juvenile Court of Hickman County to pay child support for the minor child and had failed to do so. He was cited for contempt of court and an Order was entered April 24, 2000, finding him guilty of thirteen counts of contempt of court and sentencing him to 130 days in the county jail. A judgment in the amount of $1600.02 for child support arrearage was entered against him and his sentence to the county jail was stayed conditioned upon his compliance with the future child support order. He was then ordered in accordance with the Tennessee Child Support Guidelines to pay $87 per week current support and $20 additional per week to be applied to the arrearage.

Mr. Hickman then filed a pro se petition to establish specific visitation rights which was met by an Answer and Counter-Petition filed January 2, 2003. The answer denied the right of the

Petitioner to extended visitation and the Counter-Petition complained that Mr. Hickman was living with a woman to whom he was not married, and that both were heavy smokers which aggravated the allergy and asthma condition of the child. Prayers for relief included:

2. That the Counter-Respondent be required to increase his child support to an extent that will pay the additional expense of having C. added to her mother and/or stepfather's health insurance plan;

3. That Counter-Respondent be required to reimburse your Counter-Petitioner for health expenses incurred on behalf of C.;

. . . . .

5. That a judgment be granted against the Counter-Respondent for the cost of this cause, the medical expenses and attorney's fees of Counter-Petitioner;

6. That the Counter-Respondent be required to reimburse Counter-Petitioner for any medical, dental or eye glass expenses she incurs on behalf of C. that is not otherwise covered by insurance.

The case was heard on January 15, 2003, with pertinent portions of the court Order providing:

3. That the minor child is covered under TennCare and the premium for such coverage from January 2001 through April 2002 was $150.00 per month and the premium from May 2002 to the current date is $100.00 per month;

4. That the mother has incurred $1,631.18 in medical expenses actually paid on behalf of the parties' child and father should reimburse mother for one-half (½) of that amount, or $815.90;

5. That the parties should equally share in the medical insurance premiums and uncovered medical expenses;

. . . .

2. A judgment of $815.90 should be entered against the Father, Chris Hickman, for which execution may issue if payments are missed;

3. The Respondent, Chris Hickman, shall increase his child support payment by $11.54 per week ($50.00 per month) in order to pay on the $815.90 judgment and shall increase his child support an additional $11.54 per week ($50.00 per month) in order to reimburse Mother for one-half (½) of the TennCare

premium for the minor child. Therefore, Respondent, Chris Hickman, shall pay a total of $110.08 per week, same being $98.54 for current support, and $11.54 per week for the $815.9 judgment rendered herein, beginning January 24, 2003 and made payable to:

Central Child Support Receipting Unit
P. O. Box 305200
Nashville, TN 37229

Case No. 65017

Misty Willis appeals the decision of the trial court asserting as issues:

1.    Whether the Trial Court erred in failing to require the non-custodial parent to provide health care coverage for the parties' minor child;

2.    Whether the Trial Court erred in requiring the parties to divide the premium for the TennCare coverage custodial parent had acquired for the parties' child;

3.    Whether the Trial Court erred in failing to require the non-custodial parent to reimburse custodial parent for TennCare premiums paid;

Whatever discretion a trial court may have had in setting child support prior to the promulgation of the Child Support Guidelines by the Department of Human Services did not survive legislative enactment of Tennessee Code Annotated section 36-5-101(e)(1).

Child Support Guidelines have the force of law. *Jahn v. Jahn*, 932 S.W.2d 939, 943 (Tenn.Ct.App.1996). Any deviation from the guildelines must be explicitly stated on the record. Tenn.Code Ann. § 36-5-101(e)(1). If the guidelines are not followed, the court must make written specific findings that their application would be unjust or inappropriate, stating the amount that should be awarded under the guildelines, along with justification for the deviation. Tenn., Comp. R. & Regs. Ch. 1240-2-4-.02(7).

*State ex rel. Wrzesniewski v. Miller*, 77 S.W.3d 195, 197 (Tenn.Ct.App.2001).

The Child Support Guidelines promulgated by the Department of Human Services and mandated by Tennessee Code Annotated section 36-5-101(e)(1) provide, in pertinent part:

Rule 1240-2-4-.03

. . . .

-3-

(5)     After determining the net income of the obligor, that amount is to be rounded up to the next dollar.  That amount is then multiplied by the percentage below that corresponds to the number of children for whom support is being set in the instant case.  The percentages are:

| No. of children | 1 | 2 | 3 | 4 | 5 or more |
|---|---|---|---|---|---|
| % of income | 21% | 32% | 41% | 46% | 50% |

After this calculation is made, if there are no changes to be made pursuant to paragraph 1240-2-4-.04 below, then this is the amount of the child support award.

1240-2-4-.04   CRITERIA FOR DEVIATION FROM GUIDELINES

(1)     Since these percentage amounts are minimums, the court shall increase the award calculated in Rule 1240-2-4-.03 for the following reasons:

(a)     If the obligor is not providing health insurance for the child(ren), an amount equal to the amount necessary for the obligee to obtain such insurance shall be added to the percentage calculated in the above rule.

Child Support Guidelines Rules 1240-2-4-.03 and 1240-2-4-.04.

Appellant asserts that Mr. Hickman was under a decree to pay for health care insurance prior to the Order of January 27, 2003, but the record before the Court does not bear this out. The first order that is in this record is the Order of April 24, 2002, which is a form order wherein a check appears beside number 17. providing "health insurance is ordered as follows:" with a sub-provision thereafter reciting under a check mark "as previously ordered on _____." The Order further provides:

11.     The Respondent shall pay child support in accordance with the Tennessee Child Support Guidelines, in the amount of $ _107.00_ per _week_, being $_87.00_ for current support, $_20.00_ toward the judgment, and $_____ for medical insurance, beginning _April 26, 2002_ and made payable to:

Central Child Support Receipting Unit
P O Box 305200
Nashville, TN  37229

This failure of the prior Orders to disclose a prior court obligation specifically obligating Hickman to pay medical insurance premiums is of no significance in regard to prospective child support but is significant in regard to back child support.

This Court has held:

A trial court's authority in setting back child support is addressed in the leading Supreme Court case of *State ex rel. Coleman v. Clay*, 805 S.W.2d 752 (Tenn.1991), wherein Justice Daughtrey, speaking for the court, opined as follows:

> . . . the father's responsibility for support of a child of his born out of wedlock arises at the date of the child's birth. Because the statute also permits the [trial court] to make a retroactive award for expenses incurred in the support of the child prior to the entry of the paternity decree, such an award can be made back to the date of the child's birth, under appropriate circumstances. Obviously, the [trial court] has broad discretion to determine the amount of such a retroactive award, as well as the manner in which it is to be paid.

*Id.* at 755.

In setting prospective child support in paternity cases, a trial court is bound to follow the mandates of T.C.A. § 36-5-101(e), and the Child Support Guidelines (Guidelines) promulgated by the Department of Human Services and adopted by the General Assembly. *See* T.C.A. § 36-2-108(d). *See also* Tenn.Comp.R. & Regs., ch.1240-2-4-.02(3). ("These guidelines shall be applicable in any action brought to establish or modify child support, whether temporary or permanent.") *Cf. Barabas v. Rogers*, 868 S.W.2d 283, 288 n. 5 (Tenn.App.1993). The Guidelines have the force of law. *Nash v. Mulle*, 846 S.W.2d 803, 804 (Tenn.1993) ("Hence, the purposes, premises, guidelines for compliance, and criteria for deviation from the guidelines carry what amounts to a legislative mandate.")

In the unreported case of *Kirchner v. Pritchett*, C/A No. 01A01-9503-JV-00092, 1995 WL 714279 (Court of Appeals at Nashville, December 6, 1995), perm. app. not requested, a panel of the Middle Section of this court differentiated between the setting of *prospective* child support and *back* child support in paternity cases:

> Child support decisions in paternity cases are controlled by the same principles governing similar decisions in divorce cases. Tenn.Code Ann. § 36-2-108(d) (Supp.1995). Since child support decisions in divorce cases must be made in accordance with the child support guidelines, Tenn.Code Ann. § 36-5-101(e)(1) (Supp.1995), decisions involving prospective child support in paternity cases must also be consistent with the guidelines (citations omitted).
>
> * * *
>
> Unlike awards for prospective child support, awards for expenses arising between the child's birth and the filing of a paternity petition are

-5-

discretionary decisions based on the facts of the particular case (citations omitted).

*Id*. 1995 WL 714279 at *4-5. We agree with our brethren in the Middle Section. The "broad discretion" recognized by the Supreme Court in *State ex rel. Coleman*, 805 S.W.2d at 755, is inconsistent with a requirement that the Guidelines be strictly adhered to in computing *back* child support in paternity cases. This is not to say that a trial court, in the exercise of its broad but sound discretion, could not award child support back to the date of the child's birth in an amount calculated in strict adherence to the formula set forth in Tenn.Comp.R. & Regs., ch. 1240-2-4-.03. Clearly, it could in an appropriate case; but it is also just as clear that a trial court's broad discretion permits it to award back child support in an amount other than the amount calculated in strict compliance with the Guidelines. As the Supreme Court said in *State ex rel. Coleman*:

> . . . the statute gives the juvenile court the discretion to order a retroactive support award back to . . . [the] date [of the child's birth], the amount and method of payment to be determined by the [trial judge] in light of the circumstances of the case and consistent with the standards which normally govern the issuance of child support orders. (citation omitted).
> *Id.* 805 S.W.2d at 755.

*Shell v. Law*, at *4-7. (Emphasis in original).

*State, Dept. of Human Services v. Springs*, 976 S.W.2d 654, (Tenn.Ct.App.1997).

Prospectively the trial court must comply with section 1240-2-4-.04 of the Child Support Guidelines, and, in addition to the 21% of net income must require Mr. Hickman to pay "an amount equal to the amount necessary for the obligee to obtain such insurance," unless the court makes the necessary findings that a deviation is justified.

As regards the remainder of the trial court Order requiring Appellee to reimburse mother for only one-half of the total of $1631.18 in medical expenses incurred, and the action requiring him to reimburse mother for only one-half of the TennCare premium previously paid for the child, we are not prepared to say that the trial court has abused its discretion. The judgment of the trial court will be modified in order to comply from and after the Order of January 27, 2003, with the provisions of Child Support Guideline 1240-2-4-.04(1)(a). In all other respects, the judgment of the trial court is affirmed.

The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of the appeal are assessed to Chris Hickman.

_____
WILLIAM B. CAIN, JUDGE