IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2001 Session

## STATE OF TENNESSEE, ex rel STEVEN M. WRZESNIEWSKI, v. LORI L. MILLER

**Direct Appeal from the Circuit Court for Blount County**
**No. E-17018      Hon. W. Dale Young, Circuit Judge**

**FILED DECEMBER 7, 2001**

**No. E2001-00317-COA-R3-CV**

Appellant was not ordered to pay child support when divorce was granted. Subsequently, retroactive child support was ordered. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Kevin W. Shepherd, Maryville, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, and Kim Beals, Assistant Attorney General, Nashville, Tennessee, for Appellee, State of Tennessee, ex rel Steven M. Wrzesniewski.

**OPINION**

In this action, the Trial Court awarded retroactive child support, and the mother has appealed.

The parties were divorced in Pennsylvania and the judgment was domesticated by an agreed order entered in this State on March 27, 1996. On November 8, 1996, the parties entered another agreed order which recited in pertinent part:

> Due to the parties current economic situation, child support shall not be ordered and the state guidelines shall not apply. However, Lori Miller shall establish a trust account for Eric to be set up at an insured financial institution. . . .

> The parties agree that this Agreed Order is final and binding from this day forward

and disposes of all legal issues between the parties, including custody, visitation and child support.

Approximately a year later, the father filed, through the State, a Petition seeking *inter alia*, current and retroactive child support. The mother's response asserted that the father did not ask for child support and there was no material or substantial change in the circumstances to justify deviation from the prior Order of the Court. Apparently a hearing was held, and an Order was entered on September 10, 1998, reciting that the hearing on the Petition to Set Child Support was concluded, but reserved, yet again, all issues relating to child support.

The Order appealed from recites, in pertinent part:

This cause came to be heard on the 12th day of January, 2001, before the Honorable W. Dale Young, Judge of the Circuit Court for Blount County, Tennessee upon the State's petition to set child support and upon the Court receiving testimony and evidence regarding the same and upon the record as a whole, from which the Court finds that the motion should be granted.

This Order, entered on January 29, 2001, awards retroactive child support payments in the amount of $10,416.00 against the mother, and "subject to credits being given following review at the next hearing of this cause." The mother appeals from this Order.[1]

No transcript of evidence was filed in this case, and the matter is before us on the technical record. The appellant rests her case solely upon the technical record. Moreover, counsel stated in response to a show cause order that he did not intend to file a statement of evidence pursuant to Tenn. R. App. P. 24(c). Thus, our review is limited solely to the language of the Order from which the mother appeals in the technical record. Although appellant attempts to argue outside of the record, that no evidence was taken at the January hearing to support this Order, the Order itself states in plain terms that the Court "receive[d] testimony and evidence regarding the same, and upon the record as a whole. . . ." Counsel for appellant approved entry of this Order and we therefore conclusively presume that the Trial Judge correctly found the facts and circumstances justifying the award that was entered. *King v. King*, 986 S.W.2d 216, 220 (Tenn. Ct. App. 1998).

Appellant argues that as a matter of law, the issue of child support was foreclosed, and states in her brief that "it is clear that it was the intention of both parties that provisions regarding custody and child support not be raised again, and furthermore, that the child support guidelines not apply to their case." She further argues that the Order was "final and binding from this day forward" as to all issues.

---

[1]Based upon the record, the child has reached the age of majority. Thus, there are no current support issues. The record does not indicate how the judgment was calculated, the time period covered, or the income figure used to calculate it.

The Court retains continuing jurisdiction over subsequent issues in domestic matters, such as child support, the appellant's assertion to the contrary, notwithstanding. Tenn. Code Ann. §36-5-101(a)(1). *Jarvis v. Jarvis*, 664 S.W.2d 694-696 (Tenn. Ct. App. 1983). The fact that an agreement by the parties was incorporated in the decree, does not divest the Court of its statutory power to make subsequent orders where circumstances warrant. *Doty v. Doty*, 260 S.W.2d 411, 413 (Tenn. Ct. App. 1952); *see also, Richardson v. Richardson*, 969 S.W.2d 931, 934 (Tenn. Ct. App. 1997).

Agreements incorporated into decrees which purport to relieve a parent of his or her child support obligation are void as against public policy. *Witt v. Witt*, 929 S.W.2d 360, 363 (Tenn. Ct. App. 1996). The duty of support cannot be permanently bargained away; agreements not to seek future increases in child support are likewise void as against public policy. *Berryhill v. Rhodes*, 21 S.W.3d 188, 193 (Tenn. 2000).

Child Support Guidelines have the force of law. *Jahn v. Jahn*, 932 S.W.2d 939, 943 (Tenn. Ct. App. 1996). Any deviation from the guidelines must be explicitly stated on the record. Tenn. Code Ann. §36-5-101(e)(1). If the guidelines are not followed, the court must make written specific findings that their application would be unjust or inappropriate, stating the amount that should be awarded under the guidelines, along with justification for the deviation. Tenn. Comp. R. & Regs. Ch. 1240-2-4-.02(7).

The trial court has broad authority to order back child support, and enjoys broad discretion in setting the amount. *State ex rel. Coleman v. Clay*, 805 S.W.2d 752, 755 (Tenn. 1991); *McCarty v. McCarty*, 863 S.W.2d 716, 712 (Tenn. Ct. App. 1992).

The wife does not question the calculation of child support, and we will presume that the Judge calculated and awarded an amount in compliance with the guidelines, the record being devoid of any evidence to the contrary.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Lori L. Miller.

_____
HERSCHEL PICKENS FRANKS, J.