IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 20, 2002 Session

STATE OF TENNESSEE, *ex rel.* HEATHER R. MIDDLETON
v. STANLEY COCHRAN

**Appeal from the Juvenile Court for Hamilton County**
**No. 23674      Suzanne Bailey, Judge**

**FILED SEPTEMBER 17, 2002**

**No. E2002-00164-COA-R3-JV**

In 1995, Heather R. Middleton ("Mother") gave birth to a child ("Child") whose father is Stanley Cochran ("Father"). Father was married to Michelle P. Cochran, and they had two children during their marriage. Father and his wife were divorced in June 2001, and Father agreed to pay child support and private school tuition expenses for their two children. In August 2001, Father's paternity of the Child was established and a child support order was entered in this suit regarding the Child. Father appeals the Trial Court's award of current and retroactive child support. Plaintiff also appeals claiming the Trial Court erred both in its calculation of the retroactive support owed by Father and in setting the amount of the weekly payments on the award of retroactive child support. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Juvenile Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined and CHARLES D. SUSANO, JR., J., separate opinion concurring in part and dissenting in part.

Leslie B. McWilliams, Chattanooga, Tennessee, for the Appellant, Stanley D. Cochran.

Paul G. Summers and Stuart F. Wilson-Patton, Nashville, Tennessee, for the Appellee, State of Tennessee, *ex rel.* Heather R. Middleton.

**OPINION**

**Background**

In 1994, Mother and Father had a brief sexual relationship. As a result, Mother became pregnant and gave birth to the Child in July 1995. Father now does not dispute paternity of the Child. Father was married to Michelle P. Cochran ("Wife") from 1988 until they divorced in June 2001. Father and Wife have two minor children from their marriage ("marital children"), who were ages 8 and 10 at the time of their parents' divorce.

In November 2000, this action to Establish Parentage was filed by the State of Tennessee, acting on behalf of Mother ("Plaintiff"), naming Father as the defendant. The complaint sought child support from Father for the Child. The record on appeal shows that up to that time, Father had paid no support for the Child's benefit. Shortly thereafter, Father's Wife filed a separate complaint for divorce. Father and Wife subsequently entered into an Amended Marital Dissolution Agreement ("MDA") which was incorporated into an order ("Final Divorce Order") entered in June 2001. Father and Wife also executed an Amended Permanent Parenting Plan ("Parenting Plan") which was incorporated into the MDA. The Parenting Plan shows Father agreed to pay child support for the two marital children in the amount of $297 per week and pay the children's private school tuition expenses, which, the record shows, total approximately $1,715 per month. Specifically, the Parenting Plan provides, in pertinent part, the following:

> D. PRIVATE SCHOOL AND COLLEGE: [Optional]
> The parties agree as follows regarding private school [elementary and high school] and college or vocational training after high school:
>
> *Father shall be responsible for school tuition after all other financial aid/assistance has been applied towards costs by mother.* . . .
>
> III.   FINANCIAL SUPPORT FOR CHILDREN
>
> A. CHILD SUPPORT PER TENNESSEE GUIDELINES OR DEVIATIONS
>
> The . . . father will pay child support, in accordance with the Tennessee Child Support Guidelines, in the amount of <u> $ 297.00</u> per . . . week . . . .
>
> *Deviations:* <u>                                             </u>

(emphasis added).

Approximately two months later, in August 2001, a hearing was held on the Complaint to Establish Parentage for the Child.[1] The Trial Court entered an Order holding Father was the biological parent of the Child. The Order set Father's current child support obligation at $133 per week, or approximately $576 per month, and his child support arrearage payments at $67 per week, or approximately $290 per month. The Order set Father's total retroactive support obligation at $36,819.

The record on appeal contains an exhibit which sets forth Father's yearly gross and monthly net income from 1994 through 2000, in pertinent part, as follows:[2]

| Year | Gross Yearly Income | Monthly Net Income |
|------|---------------------|--------------------|
| 1994 | $47,817.46 | $2,962 |
| 1995 | $51,476.75 | $3,155 |
| 1996 | $53,348.65 | $3,258 |
| 1997 | $60,152.83 | $3,666 |
| 1998 | $61,934.79 | $3,724 |
| 1999 | $64,620.20 | $3,865 |
| 2000 | $67,824.91 | $4,025 |

At the hearing, the Trial Court, in setting Father's child support obligation, stated it gave Father "credit for his two prior children. . ." and that "I didn't go by the [Guidelines]. I just used the formula I use." The Trial Court also stated as follows:

The Court finds that under the [MDA], under the final order of decree, the child support's set at $297. It may have been inartfully drawn, but there is a line that says "deviations" that should have specified that if that was supposed to be private school tuition as part of the increased support.

The Court finds that the statute says that you can only count educational expenses if they're extraordinary. That means there's got

---

[1] This matter was originally heard by the Juvenile Court Referee. The Referee's findings and recommendations were later ratified and confirmed as an Order of the Juvenile Court Judge.

[2] This table shows Father's monthly net income pursuant to the Guidelines definition of "net income" set forth in Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(4) *before* his child support payments for his marital children are deducted. The record shows the parties do not dispute this exhibit accurately shows Father's gross yearly income and allowable net income for 1994-2000.

to be a special reason why the child needs that school, not just that the parents want them to have it.

[The] Court finds that [Father] made a bad decision. He knew that he was facing having the child support set in this [matter] when he voluntarily agreed. Whether, if the [Circuit] Court . . . had ordered it after he presented the evidence that he had this case pending, [the Circuit] Court probably would have been bound by it....

The transcript of the August 2001 hearing shows the Trial Court, in setting Father's current child support obligation, used Father's income from the year 2000.

Father and Plaintiff both appeal.

## Discussion

On appeal and although not exactly stated as such, Father raises the following issues: (1) whether the Trial Court erred in calculating Father's current child support obligation because it failed to include in its calculations Father's pre-existing obligation, under the Final Divorce Order, to pay his marital children's private school tuition; (2) whether the Trial Court erred in ordering Father to pay any retroactive child support; and (3) if it was not error to order Father to pay retroactive child support, whether the Trial Court erred both in calculating the amount of retroactive child support and in setting Father's payment schedule on this amount.

Plaintiff, on appeal and although not exactly stated as such, raises two issues: whether the Trial Court erred both in calculating the amount of Father's retroactive child support obligation and in setting Father's weekly child support payments for this obligation. Plaintiff contends the Trial Court erred by failing to use the Guidelines in setting Father's retroactive child support. Plaintiff, however, does not dispute the Trial Court's calculation of the amount of Father's current child support obligation.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. Rule App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). Setting the amount of child support is a discretionary decision, and accordingly, we review these determinations under a deferential abuse of discretion review. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). We should not reverse for "'abuse of discretion a discretionary judgment of a trial court unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining.'" *Marcus v. Marcus,* 993 S.W.2d 596, 601 (Tenn. 1999) (quoting *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). We note that neither party raises any constitutional question as to any issue raised by either party in this appeal.

-4-

Generally, biological parents of a child have a duty to support their child until the child reaches the age of majority. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d at 247. In Tennessee, child support is governed by statute, Tenn. Code Ann. § 36-5-101(e)(1)(A), which provides as follows:

> In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

*See also* Tenn. Comp. R. & Regs., ch. 1240-2-4-.01 (2)-(3); ch. 1240-2-4-.02(7).

First, we address Father's issue on appeal regarding whether the Trial Court erred in setting his current child support obligation. The Child Support Guidelines ("Guidelines") set the "minimum base" of a child support obligation which is a "flat percentage of the obligor's net income . . . depending on the number of children . . . ." Tenn. Comp. R. & Regs., ch. 1240-2-4-.02(5) & .03(2); *Barnett v. Barnett*, 27 S.W.3d 904, 906-07 (Tenn. 2000). Under the Guidelines, Father's current child support obligation for the Child at issue is 21% of his net income. Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(5). Because the determination of the obligor parent's income is "'the most important element of proof'" when setting or modifying child support, we first will examine the Trial Court's findings regarding Father's net income. *Huntley v. Huntley*, 61 S.W.3d 329, 335 (Tenn. Ct. App. 2001) (quoting *Turner v. Turner*, 919 S.W.2d 340, 344 (Tenn. Ct. App. 1995)). The Guidelines provide that net income is calculated by subtracting a number of items from the obligor's gross income, including FICA, withholding tax and "the amount of child support ordered pursuant to a previous order of child support for other children. . . ." Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(4). Whether Father's obligation to pay the private school tuition expenses is part of a previous order of child support is a question relevant to our resolution of the first issue.

Father argues, on appeal, the Trial Court erred in setting his current child support obligation because it failed to include his obligation to pay private school tuition for his two marital children under the previously-entered Final Divorce Decree. The transcript of the hearing shows the Trial Court deducted the percentage base amount of child support for Father's two marital children, 32% of his net income, consistent with the MDA, in calculating Father's current child support for the Child. As discussed, the Trial Court stated at the hearing it did not deduct the private school tuition expenses from Father's net income because it felt the expenses were not "extraordinary

educational expenses" under the Guidelines and because the Parenting Plan indicated the tuition expenses were not an upward deviation from Father's base percentage amount of child support. The record shows if the Trial Court had deducted the marital children's private school tuition expenses from Father's net income, Father's current child support obligation for the Child at issue would have been reduced from approximately $576 per month to approximately $215 per month.

Our Supreme Court has held that, under the Guidelines, private school tuition expenses constitute "extraordinary educational expenses" and, in addition to the percentage base amount, are part of the total child support award.[3] *Barnett v. Barnett*, 27 S.W.3d at 907 (citing Tenn. Comp. R. & Regs. ch. 1240-2-4-.04(1)(c)). In light of *Barnett v. Barnett*, we hold that Father's obligation, under the Final Divorce Decree, to pay private school tuition expenses for his two marital children is part of a total "previous order of child support for other children." Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(4). Accordingly, in addition to the percentage base amount of child support Father was ordered to pay for his two marital children, the Trial Court should have considered Father's obligation to pay private school tuition expenses when determining Father's net income and setting his base percentage amount of child support for the Child. The Trial Court was not at liberty to ignore the guidelines and instead use some formula of its own. To do so was error. Therefore, the Trial Court erred in its determination that the private school tuition expenses for Father's marital children are not part of a "previous order of child support."

Nevertheless, due to the facts and circumstances presented by the record on appeal, we find no reversible error in the Trial Court's ultimately setting Father's current child support obligation at approximately $576 per month. *See* Tenn. R. App. P. 36(b). The Guidelines provide its major goals are, in pertinent part, as follows:

> (a) To decrease the number of impoverished children living in single parent families.
>
> (b) To make child support awards more equitable by ensuring more consistent treatment of persons in similar circumstances. . . .
>
> (e) To ensure that when parents live separately, the economic impact on the child(ren) is minimized and to the extent that either parent enjoys a higher standard of living, the child(ren) share(s) in that higher standard.

---

[3] Tenn. Comp. R. & Regs. ch. 1240-2-4-.04(1)(c) provides:

> (1) Since these percentage amounts are minimums, the court shall increase the award calculated in Rule 1240-2-4-.03 for the following reasons: . . .
>
> > (c) Extraordinary educational expenses . . . shall be added to the percentage calculated in the above rule.

Tenn. Comp. R. & Regs. ch. 1240-2-4-.02(2)(a), (b) & (e). Moreover, the Guidelines are "a minimum base for determining child support obligations" and "less than average overnight visitation" by the obligor parent justifies an upward adjustment from the base percentage amount. Tenn. Comp. R. & Regs. ch. 1240-2-4-.02(5).

Due to the facts and circumstances presented by the record on appeal, we find no reversible error in the Trial Court's determination that Father's current child support obligation should be set at approximately $576 per month because the record supports an upward deviation from Father's base percentage amount of 21% of his net income, $215, in order to provide for the best interest of the Child. Such an upward deviation is both just and appropriate under the facts of this case. The record on appeal shows Father enjoys a substantially higher income than Mother as Father has been gainfully employed throughout the Child's life while Mother received public assistance from 1998 to 2001. In addition, Father has exercised no visitation with the Child. An upward deviation from the base percentage amount of support in this matter also serves the Guidelines' goals of decreasing the poverty in this Child's life and allowing the Child to share in Father's higher standard of living, thereby serving the Child's best interests. *See* Tenn. Comp. R. & Regs. ch. 1240-2-4-.04(5). Furthermore, it is clear from the record that Father voluntarily agreed to pay his marital children's private school tuition expenses of $1,715 per month, with the certain knowledge that this child support matter was set to be heard shortly thereafter. In fact, the Final Divorce Order was entered just 2 months prior to this child support Order. Basically, Father argues his child support obligation for the Child should be only $215 per month while his total monthly support payments for the two children of his marriage exceed $3,000 per month. The Trial Court found, and the evidence does not preponderate against this finding, that Father knew when he voluntarily agreed to pay his marital children's private school tuition expenses he was facing having child support set for the Child. The Child should not be left with a *de minimis* percentage of Father's income for child support because Father voluntarily agreed to pay private school tuition for his other children. "All children of the same parent have the right to share fairly with their siblings in their common parent's resources." *Gallaher v. Elam*, No. E2000-02719-COA-R3-CV, 2002 Tenn. App. LEXIS 94, at * 7 (Tenn. Ct. App. Jan. 29, 2002), *appl. perm. app. granted July 1, 2002*. Accordingly, we affirm the Trial Court's determination that Father's current child support obligation for the Child should be set at $133 per week, or approximately $576 per month.

We next will address the parties' issues on appeal regarding the Trial Court's award of retroactive child support. Father contends the Trial Court erred in awarding any retroactive child support and that if retroactive support is warranted, the Trial Court set it too high. Plaintiff contends the Trial Court erred by failing to follow the Guidelines in calculating the retroactive child support award and did not award enough retroactive child support.

Trial courts have broad authority to order retroactive child support and when setting the amount of retroactive support, have broad discretion. *State ex rel. Wrzesniewski v. Miller*, 77 S.W.3d 195, 197 (Tenn. Ct. App. 2001). Tenn. Code Ann. § 36-2-311(a)(11) addresses retroactive child support as follows:

(a) Upon establishing parentage, the court shall make an order declaring the father of the child. This order shall include the following: . . .

(11) Determination of child support pursuant to chapter 5 of this title. In determining retroactive support, if any, deviation from the guidelines may occur at the discretion of the court. The court must make a written finding that application and [sic] guidelines would be unjust or inappropriate in order to provide for the best interests of the child or the equity of the parties. . . .

Father contends, on appeal, the Trial Court erred in ordering any retroactive child support because Father does not have the financial ability to pay retroactive child support. Father points to his previously-ordered obligation to pay child support and private school tuition expenses for his two marital children and his current child support obligation for the Child. As discussed, the record on appeal, however, shows Father has not contributed at all to the financial support of this Child since she was born in 1995. With respect to his two marital children, Father, with full knowledge of this pending child support matter, voluntarily agreed to pay private school tuition expenses of approximately $1,715 per month. "Awards for back child support may be thought of as 'a form of reimbursement for the . . . [mother's] assumption of the entire duty during the period covered by the arrearages.'" *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d at 248 (quoting *Hoyle v. Wilson*, 746 S.W.2d 665, 677 (Tenn. 1988) (alteration in original)). In light of these circumstances, we hold the Trial Court correctly awarded retroactive child support for the benefit of the Child. *See id.* (holding father's duty to provide child support existed from the date of the child's birth and father's lack of support required mother "to shoulder more than her share of the support . . . or, more likely, caused the child to get by with less . . ." and concluding that "[a]n award of back child support fills this gap").

Next, we address the parties' issues on appeal regarding the amount of retroactive child support set by the Trial Court. The transcript of the hearing shows the Trial Court stated it did not apply the Guidelines and instead, used some formula of its own. We hold the Trial Court should have started by applying the Guidelines in determining Father's retroactive child support since there is a rebuttable presumption the Guidelines apply to child support determinations. *See* Tenn. Code Ann. § 36-5-101(e)(1)(A); *see also State ex rel. Wrzesniewski v. Miller*, 77 S.W.3d 195, 197 (Tenn. Ct. App. 2001) (holding "Child Support Guidelines have the force of law. . . . Any deviation from the guidelines must be explicitly stated on the record" (citations omitted)). Under the facts and circumstances presented by the record on appeal, however, when deciding the parties' specific issues related to Father's retroactive child support obligation, we must determine whether the Trial Court's failure to apply the Guidelines "more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b).

Father contends the Trial Court incorrectly set the amount of retroactive support at $36, 819, since this award exceeds Father's ability to pay. Father also contends the Trial Court erred

in awarding retroactive child support in this amount because it exceeds the amount of public assistance Mother received from 1998 until July 2001. Plaintiff, on the other hand, contends the Trial Court set Father's retroactive child support obligation too low since it appears the Trial Court deducted Father's child support obligation for his two marital children for the years preceding the entry of the Final Divorce Decree in June 2001.

Trial courts have broad discretion in setting the amount of retroactive support. *See State ex rel. Wrzesniewski v. Miller*, 77 S.W.3d at 197. Our Supreme Court has found that while trial courts may exercise discretion in ordering retroactive child support, this "discretion must be exercised within the strictures of the Child Support Guidelines." *Berryhill v. Rhodes*, 21 S.W.3d 188, 193 (Tenn. 2000). While the Trial Court did not provide its specific method of calculating Father's back child support, it appears from the record the Trial Court deducted Father's child support obligation, even though not court ordered, for his two marital children for the years preceding the entry of the Final Divorce Order.

Due to the facts and circumstances presented by the record on appeal, we hold it was not reversible error for the Trial Court to set Father's retroactive child support obligation at $36,819. As discussed, this Court has held "[a]ll children of the same parent have the right to share fairly with their siblings in their common parent's resources." *Gallaher v. Elam*, 2002 Tenn. App. LEXIS 94, at * 7. Accordingly, we reject Father's argument that the retroactive child support is set too high because he does not have the ability to pay this amount due to his current child support obligations for the Child and his marital children. Likewise, we reject Plaintiff's argument that the Trial Court erred in deducting Father's non-court ordered child support obligation for his marital children in calculating the amount of retroactive child support due. Father's argument that the Trial Court erred in awarding more retroactive child support than the Mother received in public assistance from 1998-2001 also is without merit. To limit the award of retroactive child support in this manner would only perpetuate the Child's poverty and would run counter to the Guidelines' goal of decreasing the number of impoverished children living in single parent families. Tenn. Comp. R. & Regs. ch. 1240-2-4-.02(2)(a). In light of the facts and circumstances of this case, including the finite income available to Father to cover his court ordered obligations, we hold the Trial Court did not commit reversible error in setting Father's retroactive child support obligation at $36,819, and we affirm this award.[4]

The remaining issue on appeal concerns the amount of the periodic payments ordered by the Trial Court on the retroactive child support obligation. Plaintiff contends the periodic payments for retroactive child support were set too low because the payments do not cover even the

---

[4] It should be noted, Plaintiff, on appeal, in support of Plaintiff's argument that the retroactive child support award should be increased, cites *State ex rel. Grant v. Prograis*, 979 S.W.2d 594, 601 (Tenn. Ct. App. 1997), contending the facts of this matter support a division between Mother and the Child of the retroactive child support award rather than a downward deviation. The record on appeal, however, shows Plaintiff did not raise this issue at the trial level. It is well-settled that issues not raised at trial may not be raised for the first time on appeal. *Simpson v. Frontier Comty. Credit Union,* 810 S.W.2d 147, 153 (Tenn. 1991); *DHS v. DeFriece,* 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996). In any event, this issue is pretermitted as we have affirmed the Trial Court's award of $36,819 as retroactive child support.

statutory interest of 10% per annum on the judgment in accordance with Tenn. Code Ann. § 47-14-121. The record shows the Trial Court ordered Father to pay $67 per week, or $3,484 per year, in retroactive child support.

Tenn. Code Ann. § 47-14-121 provides that "[i]nterest on judgments, including decrees, shall be computed at the effective rate of . . . 10% . . . per annum, except as may be otherwise provided or permitted by statute." While the record on appeal shows the Trial Court, in its Order, did not award post-judgment interest, Plaintiff, nevertheless, is entitled to the interest under Tenn. Code Ann. § 47-14-121. *See Tallent v. Cates*, 45 S.W.3d 556, 563 (Tenn. Ct. App. 2000) (holding "[t]he failure of any court to expressly provide such interest in its judgment does not abrogate the statute"). Plaintiff is correct that the periodic payments of $67 per week, or $3,484 per year, will not cover the post-judgment interest of 10% per annum on the total retroactive child support award of $36,819. Nevertheless, given Father's financial situation, even though it largely is of his own making, we cannot say that the Trial Court erred in setting the periodic payments at $67 per week given Father's finite income and his current child support obligations.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are equally assessed against the Appellant, Stanley Cochran, and his surety, and the Appellee, the State of Tennessee *ex rel.* Heather R. Middleton.

_____
D. MICHAEL SWINEY, JUDGE