# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER 14, 2002 Session

## JEREMIE CHURCHILL SPARROW v. JOHN GREGORY SPARROW

**Direct Appeal from the Chancery Court for Madison County**
**No. 56930; The Honorable Joe C. Morris, Chancellor**

---

**No. W2001-01290-COA-R3-CV - Filed December 23, 2002**

---

This is a child support case. Although Mother received $4000 a month in rehabilitative alimony, the trial court set her child support obligation at nothing. Because the trial court did not fully set out its reasoning for this deviation from the Child Support Guidelines as required by statute, we reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and FRANKLIN MURCHISON, S. J., joined.

Larry Rice, Laura D. Rogers, Memphis, TN; James F. Butler, Jackson, TN, for Appellant

C. Timothy Crocker, Michael A. Carter, Milan, TN, for Appellee

### MEMORANDUM OPINION[1]

### Facts and Procedural History

On January 18, 2000, Jeremie C. Sparrow (Mother) filed for an absolute divorce from John G. Sparrow (Father). A Final Decree of Absolute Divorce was entered on November 15, 2000 granting Father an absolute divorce on the grounds of adultery and inappropriate marital conduct. This Decree gave custody of the couple's minor child to Father and ordered Mother to pay child support according to the Child Support Guidelines with the amount of Mother's income to be

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. – (b) The Court, with the concurrence all all jduges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designnated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reasons in a subsequent unrelated case.

determined later. Father was ordered to pay alimony *in solido* of $4000 a month payments for thirty months.

After a March 30, 2001 hearing on the child support issue, the court set the amount of child support to be paid by Mother to nothing "because of the hardship that [Mother] is unemployed." The court also stated that it intended for the alimony to be rehabilitative alimony and modified the nature of the alimony from *in solido* to rehabilitative alimony. Father filed a timely appeal to this Court and presents one issue for our review:

I. Whether the trial court erred in its failure to order Mother to pay child support for the minor child from her alimony income.

## Standard of Review

The findings of fact made by a trial court are given a presumption of correctness that will not be overturned unless the evidence preponderates against those findings. *See* Tenn. R. App. P. 13(d); *see also Bank/First Citizens v. Citizens and Assoc.*, 82 S.W.3d 259, 262 (Tenn. 2002) (citing *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001)). A trial court's ruling on a matter of law, however, will be reviewed "'under a pure *de novo* standard . . . according no deference to the conclusions of law made by the lower court[].'" *Bank/First Citizens*, 82 S.W.3d at 727 (quoting *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001)). When reviewing a trial court's decision to deviate from the Child Support Guidelines, we apply the "abuse of discretion" standard. *Tallent v. Cates*, 45 S.W.3d 556, 560 (Tenn. Ct. App. 2000).

## Law and Analysis

The Child Support Guidelines of our state "have the force of law." *State ex rel. Wrzesniewski v. Miller*, 77 S.W.3d 195, 197 (Tenn. Ct. App. 2001). These guidelines direct that alimony be included in the calculation of a child support obligor's gross income. TENN. COMP. R. & REGS. R. 1240-2-4-.03. The statute that further controls this case reads as follows:

In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

TENN. CODE ANN. § 36-5-101(e)(1)(A).

We have only the technical record before us. This record shows that a hearing on the parties' divorce was held over several days and that in the Final Decree of Divorce, the lower court determined that Mother would be required to pay child support according to the Guidelines at a rate depending on her income which would be determined at a later date. Father moved the court to set the amount of child support and a hearing was held. We have no transcript of this hearing, although counsel for Father did provide a narrative in which he states that no evidence was presented at the hearing and that the lower court's decision was based on the representation of Mother's counsel that she is unemployed and is using the $4,000 she received in alimony each month to rehabilitate herself through education. The lower court issued a written order that denied Father's Motion to Set Child Support "because of the hardship that [Mother] is unemployed." This statement is the entirety of the lower court's ruling on the issue of setting a child support amount.

As stated in the statute above, a court may deviate from the Child Support Guidelines when evidence is presented to overcome the presumptions they create. The statute further states that when such a deviation is appropriate, "the court *shall* make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties" and that the written finding "*shall* state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." TENN. CODE ANN. § 36-5-101(e)(1)(A) (emphasis added). The written findings of the lower court in this case does not meet this statutory standard. Thus, we must reverse and remand for proceedings consistent with this opinion.

## Conclusion

For the foregoing reasons, we reverse and remand this case to the trial court for further proceedings consistent with this opinion. Costs are taxed to Mother, Jeremie Churchill Sparrow, for which execution may issue necessary.

_____
ALAN E. HIGHERS, JUDGE