IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2011 Session

**JENNY A. PENNINGTON v. CHRISTOPHER J. HENNESSEE**

**Appeal from the Circuit Court for Warren County**
**No. 1203     Larry B. Stanley, Jr., Judge**

---

**No. M2010-01873-COA-R3-CV - Filed June 8, 2011**

---

Mother filed a petition in 2010 to modify child support set in a 2005 order and parenting plan on the basis of a substantial and material change of circumstances. The trial court dismissed the petition, holding that there was not a significant variance in the parties' presumptive child support obligations in 2005 and 2010. Mother appeals, contending that the 2005 order and parenting plan are void because they relieved Father of his obligation to pay child support. Finding that the 2005 order fails to comply with Tenn. Code Ann. § 36-5-1-1(e)(1)(A) and Tenn. Comp. R. & Regs. Ch. 1240–2–4–.02(7), we reverse the judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Eric J. Burch, Manchester, Tennessee, for the appellant, Jenny A. Pennington.

Robert Wesley Newman, McMinnville, Tennessee, for the appellee, Christopher J. Henneessee.

**OPINION**

**I. Background**

Jenny Pennington ("Mother") and Christopher Hennessee ("Father") are the unmarried parents of one minor child, K.H. ("Daughter"), born February 9, 2002. On August 16, 2002, an order was entered declaring Father to be the natural and legal father of the child and adopting a Permanent Parenting Plan. The parenting plan provided, *inter alia*, that Mother

would be the primary residential parent; that Father would pay child support retroactive to the birth of the child; that Father's child support obligation would be $128 per week in the future; that Father would be responsible for college expenses;[1] and that Father would maintain health and dental insurance on the child.

The parties later agreed to modify the permanent parenting plan and on July 12, 2005 the trial court entered an Agreed Order adopting the modified plan,[2] under which residential time with Daughter was shared equally between the parties.[3] The order provided that Father was to pay for the child's reasonable school expenses, that each parent would pay any daycare expenses incurred when the child was in his or her primary care, and that each party would retain the rights of a non-custodial parent at Tenn. Code Ann. § 36-4-106. The plan stated that "neither party shall be obligated to pay child support" and restated the requirement that Father was to pay for college expenses and to maintain health and dental insurance on the child. Neither the order nor the plan set forth the amount of child support that would have been owing had the Child Support Guidelines at Tenn. Comp. R. & Regs. 1240-2-4 ("the guidelines") been followed or explained why, as required by Tenn. Code Ann. § 36-5-101(e)(1)(A), deviation from the Guidelines was appropriate.

On April 19, 2010, Mother filed a Petition for Modification of Child Support. The petition stated that there had been a "downward variance" in Mother's income that warranted a modification in child support; that the cost of raising the child was more than when the child was younger; that Mother believed Father's income had increased while her income had remained substantially the same; and that Father had not bought clothes for the child as Mother had requested. Father moved to dismiss the petition, asserting that there was not a fifteen percent variance in his income since the entry of the 2005 order; Father subsequently filed an Answer to the petition.

---

[1] The parenting plan stated that Father was responsible for "college expenses equivalent to a state school so long as child maintains passing grades, for maximum (4) years."

[2] Upon being signed by the court, the modified parenting plan was denominated the "Permanent Parenting Plan Order" and became the order of the court. The term "order" as used herein shall refer to the Agreed Order adopting the plan and the term "plan" shall mean the modified permanent parenting plan.

[3] The record reflects that Mother was not represented by counsel with regard to the plan and that the order was prepared by Father's counsel and signed by both Father and Mother. In her Statement of the Evidence, Mother states that she testified at the hearing on the petition for modification that she only agreed "to drop the Appellee's child support obligation in 2005 because the Appellee promised to pay all expenses and all clothing for the child . . . that he refused to do this . . ." and " . . . that she did not have the money to hire a lawyer in 2005 to represent her interests."

Following a hearing, the court denied Mother's petition for modification by order entered August 6, 2010. The court found that Mother's income in 2005 was $9,550 and her income for 2010 was $8,400 and that she qualified as a low income provider;[4] the court found Father's income in 2005 was $55,600 and his income for 2010 was $58,805. The court then determined the presumptive child support obligations according to their income for 2005 and 2010, and held that the variance did not exceed 7.5%. The court then held that the variance was not significant in order to modify the 2005 order and denied the petition.[5] Mother appeals.

## II.  Discussion

### A.  The 2010 Order

As an initial matter, we disagree with Father's contention that the issue of whether the order and plan are void or voidable was not raised in the trial court and, consequently, cannot be raised on appeal. The facts recited by Mother in support of the petition are the facts which she contends on appeal render the 2005 order void;[6] although the petition did not specifically request that the 2005 order be declared void, the petition did contain a general prayer for relief. The integrity of the 2005 order was at issue before the trial court as a result of the allegations of Mother's petition sufficient to be considered on appeal.

---

[4]  A person who meets the criteria at Tenn. Comp. R. & Regs. 1240-2-4-.05(2)(d) is a "low income provider" for purposes of modification of orders.

[5]  Neither the 2005 order nor the plan attached child support worksheets. Attached to the 2010 order were child support worksheets that calculated under the guidelines the presumptive child support obligations for the years 2005 and 2010 based on the parties' incomes for those years. The record does not show who prepared the worksheets based on either the 2005 or 2010 incomes, but the information and computations contained therein are not contested.

[6]  The petition raised the issue of whether the 2005 Order and Parenting Plan complied with the Guidelines as follows:

> 2.  That in July 12, 2005, another Order and Permanent Parenting Plan was filed in this Court that ordered the Respondent to pay the minor child's reasonable school expenses and all daycare expenses while in the Respondent's care and the Petitioner would pay all daycare expenses while the minor child was in her care. Further, the Order ordered neither party shall be obligated to pay child support. The Permanent Parenting Plan, filed July 12, 2005, did not state the income of the parties, what the child support amount would be according to the Tennessee Child Support Guidelines, and a reason for the deviation from the Child Support Guidelines as required by Tennessee Law.

In reliance on *Neal v. Neal*, M2003-02703-COA-R3CV, 2005 WL 1819214 (Tenn. Ct. App. Aug. 2, 2005), *Witt v. Witt*, 929 S.W.2d 360 (Tenn. Ct. App. 1996), and *State ex rel. Flatt v. Flatt*, W2007-01376-COA-R3-CV, 2008 WL 794521 (Tenn. Ct. App. Mar. 27, 2008), Mother contends that the 2005 order and plan are void because they relieved Father of his obligation to pay child support. Father, relying on *Woodard v. Woodard*, M2004-01981-COA-R3-CV, 2006 WL 1343209 (Tenn. Ct. App. May 16, 2006), contends that the 2005 order is valid.

An agreement by the parties that no child support will be paid is generally void, as against public policy. *See, e.g., Witt*, 929 S.W.2d at 362 ("It seems abundantly clear that since time immemorial it has been the public policy of this state that a parent is under a duty to support his children"); *see also Berryhill v. Rhodes*, 21. S.W.3d 188 (Tenn. 2000); *Neal,* 2005 WL 1819214 at *2. In this regard, the court "must be a vigilant gate-keeper[] to assure compliance with the applicable child support laws so the parties do not enter into invalid agreements which may pose a threat to the welfare of the children or perpetuate a fraud upon others." *Woodard*, 2006 WL 1343209 at *4. In the case before us, we measure this obligation against the requirement that the petitioner show a significant variance in the presumptive child support obligations, as determined by the Guidelines, in order to modify an existing order of support.

In both *Witt* and *Neal*, the trial courts were faced with an order or parenting plan which specifically provided that no support would be paid; on appeal, the orders in both cases were reversed on the ground that the agreement was against public policy. In *Woodard*, this court rejected the contention that the original parenting plan was void and affirmed the dismissal of a petition to modify a parenting plan under which the father was excused from paying child support. The determinative facts in *Woodard* were that, under the original parenting plan, the father retained the responsibility to pay the entire cost of medical insurance and half of the dental and medical costs for the children and that there was no agreement not to seek support in the future in the event of a material change of circumstances.

Likewise, the 2005 order and parenting plan at issue in this case do not entirely relieve Father of paying support for his children—he is required to pay for all school expenses, daycare costs when Daughter is with him, to maintain health insurance and, if available from his employment, dental, orthodontic and vision insurance, half of uncovered medical expenses, and all college expenses. In addition, there is no evidence that the parties agreed not to seek support in the future should there be a material change in circumstances. The order and plan were not void on their faces as in *Witt* and *Neal*.

Mother also contends that the 2005 order is void because the court failed to make the factual finding required by Tenn. Comp. R. & Regs. 1240-2-4-.07(1)(c). This Court, however, has previously held that a trial court's failure to make written findings for deviating from the child support guidelines when approving a settlement "is a mere failure of procedural fidelity, at most an erroneous ruling," which does not justify setting aside a final order after the time for direct appeal has passed. *Frazier v. Frazier*, 72 S.W.3d 333, 337(Tenn. Ct. App. 2002); *see also Cook v. Cook*, No. M2005-02725-COA-R3-CV, 2007 WL 295238, at *4 n.10 (Tenn. Ct. App. Feb.1, 2007) (stating that providing a written explanation for a deviation from the child support guidelines is of critical importance but failure to do so will not operate to void a final order).

We do not find the deficiencies in the plan and order adopting it of such magnitude to justify declaring either the order or the plan void. As noted, under the 2005 plan, which had been in effect for five years at the time mother filed her petition, Father retained the obligation to support his daughter. At the time the instant petition was filed, the 2005 order was final and not void on its face.

We have separately reviewed the 2010 order and determined that the court correctly found, based on Father's actual income for 2005 and 2010, that his presumptive child support obligation would have been $638.00 and $667.00, respectively, and determined that a variance of $47.85 or more was required to justify modification.[7] Because the actual variance was only $29.00, the court was correct in holding that the variance was not sufficient to warrant a modification of the 2005 order.

Although we have determined that the 2005 order is not void or voidable and that there was not a significant variance in the presumptive child support obligations, we must reverse the judgment and remand the case for further proceedings. The 2005 order is deficient because it substantially and materially fails to comply with Tenn. Code Ann. § 36-5-1-1(e)(1)(A) and Tenn. Comp. R. & Regs. Ch. 1240–2–4–.02(7), which require courts to "make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties." In that the 2005 order is substantially and materially deficient in that regard, we hold that the 2005 order may not be used as a shield

_____

[7] Tenn. Comp. R. & Regs. 1240-2-4-.05(3) makes clear that the court is required to compare the presumptive child support obligation of the order then in effect, not including any anticipated variance, to the presumptive obligation based on current income. While the trial court in 2005 did not complete the worksheets by which the presumptive obligation could be determined, the order under review in this appeal included the worksheets that would have been used to determine the 2005 presumptive obligation and compared that to the 2010 presumptive obligation.

to oppose Mother's petition to modify child support.[8] The statements in the 2010 order that the deviation in the 2005 order was "appropriate" and "in the best interest of the child" do not cure the deficiencies in the order and there is no support in the record for the court's findings.

As this court stated in *State ex rel. Wrzesniewski v. Miller,* 77 S.W.3d 195, 197 (Tenn. Ct. App. 2001):

> Child Support Guidelines have the force of law. *Jahn v. Jahn*, 932 S.W.2d 939, 943 (Tenn. Ct. App. 1996). Any deviation from the guidelines must be explicitly stated on the record. Tenn. Code Ann. § 36–5–101(e)(1). If the guidelines are not followed, the court must make written specific findings that their application would be unjust or inappropriate, stating the amount that should be awarded under the guidelines, along with justification for the deviation. Tenn. Comp. R. & Regs. Ch. 1240–2–4–.02(7).

Accordingly, on remand, the trial court shall make a fresh determination concerning the child support to be paid in this case and, if appropriate, to make an award retroactive to when Mother filed her petition to modify child support. Further, in making its determination concerning the amount of support of the parties' minor child,

> the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

Tenn. Code Ann. § 36-5-101(e)(1)(A).

---

[8] It should be noted that the result reached here is different from *Woodard* because in *Woodard*, the petitioner failed to plead a material change of circumstances. *State ex rel. Woodard v. Woodard,* 2006 WL 1343209, at * 4 (Tenn. Ct. App. May 16, 2006). Moreover, the narrow issue, the only issue, before us in *Woodard* was "whether the 2001 Parenting Plan is void or voidable." *State ex rel. Woodard v. Woodard,* 2006 WL 1343209, at * 4 (Tenn. Ct. App. May 16, 2006).

B. Attorney Fees

Mother seeks an award of attorney fees incurred at the trial court and on appeal. Tenn. Code Ann. § 36-5-103(c) provides that such an award under the circumstances presented is in the discretion of the court and is not primarily for the benefit of the primary residential parent but rather to facilitate the child's access to the courts. *Sherrod v. Wix*, 849 S.W.2d 780, 784 (Tenn. Ct. App. 1992). In light of our disposition of this case, on remand the court should reconsider an award of fees to Mother. We have determined that an award of fees for Mother's successful appeal is appropriate and, on remand, the court is directed to make such an award.

### III. Conclusion

For the foregoing reasons, the judgment of the trial court denying the petition to modify is REVERSED and the case remanded for further proceedings in accordance with this opinion.

_____
RICHARD H. DINKINS, JUDGE